IN THE UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE: THE HONORABLE JENNIFER CHOE-GROVES, JUDGE

_____
                                                          )
HYUNDAI STEEL COMPANY,                  )
                                                          )
                            Plaintiff,               )
                                                          )
AJU BESTEEL CO., LTD., et al.,                )
                                                          )
                    Consolidated-Plaintiffs,   )
                                                          )
                            v.                        )          Consol. Court No. 22-00138
                                                          )
UNITED STATES,                                  )
                                                          )
                            Defendant,            )
                                                          )
                            and                      )
                                                          )
VALOUREC STAR L.P., et al.,                 )
                                                          )
                    Defendant-Intervenors.   )
_____)

## DEFENDANT'S RESPONSE IN OPPOSITION TO
## SEAH STEEL CORPORATION'S MOTION TO INTERVENE

Defendant, the United States, respectfully submits this opposition to the motion of

SeAH Steel Corporation (SeAH) to intervene as a matter of right in the present action.  Dkt.

No. 30.  SeAH wants to intervene in this action, as a plaintiff, to obtain a ruling that would

have no effect on its entries, but that it could use as precedent in a subsequent proceeding

from a subsequent administrative review.  As explained below, SeAH's motion should be

denied because it fails to establish Article III standing and fails to meet the requirements of

intervention as of right.  USCIT Rule 24(a).

## BACKGROUND

On April 8, 2022, the Department of Commerce (Commerce) published its final results of the administrative review of the antidumping duty order on certain oil country tubular goods from the Republic of Korea. *Certain Oil Country Tubular Goods from the Republic of Korea*, 88 Fed. Reg. 20815 (Dep't of Commerce April 8, 2022) (final admin. review). Commerce selected Hyundai Steel Company (Hyundai) and SeAH as mandatory respondents and calculated individual weighted-average dumping margins of 19.54 percent and 3.85 percent, respectively.

Commerce determined Hyundai's normal value based on constructed value (CV), which involved a determination of CV profit and profit cap. IDM at 33-43. SeAH's normal value was based on SeAH's third country sales from Kuwait (rather than on CV) and, thus, did not involve the calculation of CV profit or profit cap. PDM at 13 (unchanged in the final).

Pursuant to the jurisdictional statute, a summons asserting a challenge to the final results was due to be filed with this Court by May 9, 2022. Hyundai filed its summons and complaint on May 6 and May 10, 2022, respectively. Dkt. Nos. 1, 8. Hyundai is challenging several aspects of Commerce's determination of its individual weighted-average dumping margin of 19.54 percent, including calculation of CV profit and profit cap. Dkt. No. 8. On June 9, 2022, SeAH moved to intervene as of right in this action. Dkt. No. 30. SeAH did not file its own action challenging Commerce's final results, SeAH has not challenged any aspects of Commerce's determination regarding SeAH's individual weighted-average dumping margin, and the deadline for pursuing judicial review of Commerce's determination has passed.

## ARGUMENT

SeAH's motion to intervene should be denied because it fails to establish Article III standing and fails to meet the requirements for intervention. First, as this Court recently

explained, Article III requires as a threshold matter that a proposed intervenor demonstrate "either its independent constitutional standing or its 'piggyback standing,' *i.e.*, standing based on seeking the same relief sought by an existing party to the case." *N. Am. Interpipe, Inc., et al. v. United States*, 519 F. Supp. 3d 1313, 1319 (Ct. Int'l Trade 2021); *see also Prime Source Bldg. Prods., Inc. v. United States*, 494 F. Supp. 3d 1307, 1335 (Ct. Int'l Trade 2021) (Baker, J., concurring).  SeAH fails to even address, let alone establish, its standing as required by Article III, simply stating that it has standing pursuant to 19 U.S.C. § 1516a(d).  SeAH Mot. ¶ 2.  Indeed, SeAH cannot assert that it will suffer injury if Commerce's determination regarding Hyundai's calculated dumping margin (the only margin at issue in this litigation) is not reversed because SeAH received its own individual dumping margin and assessment rates for its exports, which would be unaffected by any decision here.  Nor can SeAH assert that it is seeking the same relief as Hyundai to recalculate Hyundai's dumping margin and assessment rates for Hyundai's exports for the same reason.  Thus, the Court should deny SeAH's motion to intervene because SeAH fails to establish Article III standing.

In addition to Article III standing, SeAH also fails to meet the requirements of intervention as of right.  USCIT Rule 24(a).  Rule 24(a) sets out a four-part test:  (1) the motion must be timely; (2) the movant "must claim an interest in the property or transaction at issue that is 'legally protectable' – merely economic interests will not suffice'"; (3) "that interest's relationship to the litigation must be 'of such a direct and immediate character that the intervenor will either gain or lose by the direct legal operation and effect of the judgment'"; and (4) "the movant must demonstrate that said interest is not adequately addressed . . . ."  *N. Am. Interpipe*, 519 F. Supp. 3d at 1323 (emphasis removed).  Here,

although the motion is timely, SeAH fails to meet the remaining requirements of Rule 24(a).

According to SeAH, it "has an interest in certain issues that Plaintiff intends to address and may be adversely affected in other proceedings by a ruling against Plaintiff." SeAH Mot. ¶ 3. SeAH asserts that it "plans to litigate the issue raised by Plaintiff in its complaint regarding Commerce's failure to apply a constructed-value profit cap in the calculation of Plaintiff's margin, and respond, as needed, to arguments raised in the brief of Defendant." *Id*. SeAH contends that it *may* be adversely affected, not in this proceeding, but *in other proceedings*. Putting aside that a party may not raise hypothetical claims that may occur in the future, a decision from the Court on Hyundai's claims from this review, would have no bearing on other similar claims in subsequent reviews. *Algoma Steel v. United States*, 865 F.2d 240, 243 (Fed. Cir. 1989) (explaining that this Court's judges are not bound by decisions of other judges of the same Court). Further, given that SeAH received its own individual dumping margin and assessment rates, which it is not challenging, SeAH's weighted-average dumping margin and the assessment rates for SeAH's exports are not dependent on the resolution of the issues in this litigation that relate exclusively to the calculation of Hyundai's weighted-average dumping margin. This makes SeAH situated differently from non-selected companies whose dumping margins and assessment rates could be affected if Hyundai's weighted-average margin changes as a result of this litigation. SeAH should not be allowed to inject itself as an active participant in this litigation that has no effect on SeAH's dumping margin or assessment rate. Thus, SeAH fails to establish an interest that could directly and adversely affect it by a ruling in this litigation.

## <u>CONCLUSION</u>

For these reasons, we respectfully request that the Court deny SeAH's motion to

intervene in this action.

Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

PATRICIA M. McCARTHY
Director

s/Claudia Burke
CLAUDIA BURKE
Assistant Director

OF COUNSEL:

s/Hardeep K. Josan
HARDEEP K. JOSAN
MYKHAYLO GRYZLOV                      Trial Attorney
Senior Counsel                        Commercial Litigation Branch
Office of the Chief Counsel           Civil Division
    for Trade Enforcement & Compliance   U.S. Department of Justice
U.S. Department of Commerce           26 Federal Plaza, Suite 346
                                      New York, New York 10278
                                      Tel.: (212) 264-9245
                                      Fax: (212) 264-1916
                                      Email: hardeep.k.josan@usdoj.gov

June 30, 2022                         Attorneys for Defendant

UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE: THE HONORABLE JENNIFER CHOE-GROVES, JUDGE

_____
                                                    )
HYUNDAI STEEL COMPANY,                              )
                                                    )
                    Plaintiff,                      )
                                                    )
HUSTEEL CO., LTD., et al.                           )
                                                    )
                    Plaintiff-Intervenors,          )        Court No. 22-00138
                                                    )
                    v.                              )
                                                    )
UNITED STATES,                                      )
                                                    )
                    Defendant,                      )
                                                    )
                    and                             )
                                                    )
VALOUREC STAR L.P., et al.                          )
                                                    )
                    Defendant-Intervenors.          )
_____)

## ORDER

Upon consideration of the motion to intervene filed by SeAH Steel Corporation, defendant's opposition, and all other pertinent papers, it is hereby

ORDERED that the motion to intervene is denied.


                                         _____
                                         Hon. Jennifer Choe-Groves, Judge


Dated: _____, 2022


6