## UNITED STATES COURT OF INTERNATIONAL TRADE

**HYUNDAI STEEL COMPANY,**

     **Plaintiff,**

**AJU BESTEEL CO., LTD.,**
**NEXTEEL CO., LTD., and**
**HUSTEEL CO., LTD.,**

     **Consolidated Plaintiffs,**

**and**

**HUSTEEL CO., LTD. and**
**NEXTEEL CO., LTD.,**

     **Plaintiff-Intervenors,**

**v.**

**UNITED STATES,**

     **Defendant,**

**and**

**VALLOUREC STAR, L.P.,**
**WELDED TUBE USA INC., and**
**UNITED STATES STEEL**
**CORPORATION,**

     **Defendant-Intervenors.**

**Before:  Jennifer Choe-Groves, Judge**

**Consol. Court No. 22-00138**

## **ORDER**

Before the Court is the Motion to Intervene filed by Proposed Plaintiff-Intervenor SeAH Steel Corporation ("SeAH Steel").  SeAH Steel's Mot. Intervene, ECF No. 30.  Defendant United States has filed a response opposing SeAH Steel's Motion to Intervene.  Def.'s Resp. Opp'n SeAH Steel's Mot. Intervene ("Def.'s Resp."), ECF No. 44.  Also before the Court is the Motion for Leave to File Reply to Defendant's June 30, 2022 Comments in Opposition to SeAH's Motion to Intervene filed by SeAH Steel.  Seah Steel's Mot. Leave File Reply Def.'s Comments Opp'n Seah's Mot. Intervene ("Motion for Leave" or "Mot. Leave"), ECF No. 48.  No party filed a response to SeAH Steel's Motion for Leave.  <u>See</u> Order (July 8, 2022), ECF No. 49 (directing that responses be filed on or before July 12, 2022).

### I.      **Motion for Leave to Reply**

A party may file a reply to a non-dispositive motion only with leave of the Court.  <u>See</u> USCIT R. 7(d); <u>Hyundai Elec. & Energy Sys. Co., Ltd. v. United States</u>, 44 CIT __, __, 477 F. Supp. 3d 1324, 1328 (2020).  SeAH Steel's Reply provides additional information regarding SeAH Steel's standing and basis to intervene in this case.  <u>See</u> SeAH Steel's Proposed Reply Def.'s June 30, 2022 Comments Opp'n SeAH Steel's Mot. Intervene ("SeAH Steel's Reply"), ECF No.

48-1.  Because SeAH Steel's reply aids the Court in resolving SeAH Steel's

Motion to Intervene, the Court grants SeAH Steel's Motion for Leave.

## II.    Motion to Intervene

SeAH Steel seeks to intervene as a matter of right as Plaintiff-Intervenor

pursuant to USCIT Rule 24(a).  See SeAH Steel's Mot. Intervene.  Defendant

argues that SeAH Steel lacks Article III standing and fails to satisfy the

requirements of intervention as of right.  See Def.'s Resp.

### A.    Article III Standing

Defendant argues that SeAH Steel lacks standing to intervene in this case

because SeAH Steel cannot assert that it will suffer an injury, nor can SeAH Steel

claim to seek the same relief as Plaintiff Hyundai Steel Company ("Hyundai").

Def.'s Resp. at 3.  If a putative intervenor seeks any relief that is different from that

sought by an existing party to the case, the putative intervenor must demonstrate its

independent constitutional standing to bring the claim.  See Town of Chester v.

Laroe Estates, Inc., __ U.S. __, __, 137 S. Ct. 1645, 1650–51 (2017) (holding that

at least one plaintiff must have standing for each form of relief sought).  If a

putative intervenor seeks only to litigate a claim brought by an existing party, the

putative intervenor may "piggyback" on the standing established by the existing

party.  See Little Sisters of the Poor Saints Peter & Paul Home v. Pennsylvania, __

U.S. __, __, 140 S. Ct. 2367, 2379 n.6 (2020) ("Under our precedents, at least one

party must demonstrate Article III standing for each claim for relief.  An intervenor

of right must independently demonstrate Article III standing if it pursues relief that

is broader than or different from the party invoking a court's jurisdiction."

(citations omitted)).

      In its Motion to Intervene, SeAH Steel claims to have "standing to appear

and be heard as a party in interest."  SeAH Steel's Mot. Intervene at 2–3.  SeAH

Steel clarifies in its Reply that its standing is based on seeking the same relief as

Hyundai.  SeAH Steel's Reply at 2–3.  Defendant argues that SeAH Steel cannot

assert that it is seeking the same relief as Hyundai to recalculate Hyundai's

dumping margin and assessment rates because SeAH Steel received a separate

individual dumping margin and assessment rate for its exports in Commerce's

determination.  Def.'s Resp. at 3; see also Certain Oil Country Tubular Goods from

the Republic of Korea ("Final Determination"), 87 Fed. Reg. 20,815 (Dep't of

Commerce Apr. 8, 2022) (final results of antidumping duty administrative review

and final determination of no shipments, 2019–2020).  This argument reads

Hyundai's claims too narrowly.  SeAH Steel intends to litigate and support

Hyundai's arguments on the issue of "Commerce's failure to apply a constructed-

value profit cap in the calculation of [Hyundai's] margin."  SeAH Steel's Mot.

Intervene at 2; SeAH Steel's Reply at 2–3.  The same relief is sought in Count Two

of Hyundai's Complaint, which challenges "Commerce's failure to calculate, or

attempt to calculate, a [constructed value] profit rate cap as expressly required by

statute."  Compl. at 6, ECF No. 8.  Because SeAH Steel does not seek any relief

separate from that sought by Hyundai, SeAH Steel is not required to establish

independent constitutional standing and may piggyback on Hyundai's standing in

this case.

> **B.      Intervention as of Right**

USCIT Rule 24(a)(1) states that "[o]n timely motion, the court must permit

anyone to intervene who is given an unconditional right to intervene by a federal

statute."

SeAH Steel's Motion to Intervene was timely filed.  USCIT R. 24(a)(3).

SeAH Steel contends that it has an unconditional right to intervene under 28

U.S.C. § 2631(j)(1)(B), which provides that

> [a]ny person who would be adversely affected or aggrieved by a
> decision in a civil action pending in the Court of International Trade
> may, by leave of court, intervene in such action, except that in a civil
> action under section 516A of the Tariff Act of 1930, only an interested
> party who was a party to the proceeding in connection with which the
> matter arose may intervene, and *such person may intervene as a matter*
> *of right*.

28 U.S.C. § 2631(j)(1)(B) (emphasis added).  "Interested party" includes "a foreign

manufacturer, producer, or exporter, or the United States importer, of subject

merchandise."  19 U.S.C. § 1516a(f)(3); id. § 1677(9)(A).  A "party to the

proceedings" is "any interested party that actively participates, through written

Consol. Court No. 22-00138                                          Page 6

submissions of factual information or written argument, in a segment of a proceeding."  19 C.F.R. § 351.102(b)(36); see also Legacy Classic Funiture, Inc. v. United States, 35 CIT 420, 421–22; 774 F. Supp. 2d 1293, 1294 (2011).  SeAH Steel is a foreign producer of oil country tubular goods and participated in the proceedings before Commerce as a mandatory respondent.  See Final Determination.  Because SeAH Steel is an interested party that was a party to Commerce's review, it may intervene as a matter of right in this action.  USCIT R. 24(a)(1); 28 U.S.C. § 2631(j)(1)(B).

Upon consideration of SeAH Steel's Motion to Intervene and Motion for Leave to Reply, and all other papers and proceedings in this action, it is hereby

**ORDERED** that SeAH Steel's Motion for Leave to File Reply to Defendant's June 30, 2022 Comments in Opposition to SeAH's Motion to Intervene, ECF No. 48, is granted.  SeAH Steel's Reply to Defendant's June 30, 2022 Comments in Opposition to SeAH Steel's Motion to Intervene, ECF No. 48-1, is deemed filed; and it is further

**ORDERED** that SeAH Steel's Motion to Intervene, ECF No. 30, is granted; and it is further

**ORDERED** that SeAH Steel Corporation is entered as Plaintiff-Intervenor in Hyundai Steel Company v. United States, Consol. Court No. 22-00138; and it is further

**ORDERED** that the Parties shall confer and submit to the Court by no later than August 5, 2022 a revised joint status report and proposed scheduling order for this action.

/s/ Jennifer Choe-Groves
Jennifer Choe-Groves, Judge

Dated: _____July 29, 2022_____
         New York, New York