UNITED STATES COURT OF INTERNATIONAL TRADE
BEFORE JENNIFER CHOE-GROVES, JUDGE

| | |
|---|---|
| HYUNDAI STEEL COMPANY, <br><br> Plaintiff, <br><br> AJU BESTEEL CO., LTD., NEXTEEL CO., LTD., AND HUSTEEL CO., LTD., <br><br> Consolidated Plaintiffs, <br><br> v. <br><br> UNITED STATES, <br><br> Defendant, <br><br> UNITED STATES STEEL CORPORATION, VALLOUREC STAR, L.P., AND WELDED TUBE USA INC., <br><br> Defendant-Intervenors. | Consol. Court No. 22-00138 |

ORDER

Upon consideration of the June 9, 2022, motion of SeAH Steel Corporation ("SeAH") to intervene as a matter of right as Plaintiff-Intervenor in the above-designated matter, Defendant's June 30, 2022, Comments in Opposition to SeAH's Motion, and SeAH's July 6, 2022, Reply, and all other pertinent papers, it is hereby

ORDERED that SeAH's motion to intervene is granted.

Signed: _____
              Judge

Dated: _____
        New York, NY

UNITED STATES COURT OF INTERNATIONAL TRADE
BEFORE JENNIFER CHOE-GROVES, JUDGE

| | |
|---|---|
| HYUNDAI STEEL COMPANY, <br><br> Plaintiff, <br><br> AJU BESTEEL CO., LTD., NEXTEEL CO., LTD., AND HUSTEEL CO., LTD., <br><br> Consolidated Plaintiffs, <br><br> v. <br><br> UNITED STATES, <br><br> Defendant, <br><br> UNITED STATES STEEL CORPORATION, VALLOUREC STAR, L.P., AND WELDED TUBE USA INC., <br><br> Defendant-Intervenors. | Consol. Court No. 22-00138 |

SEAH'S REPLY TO DEFENDANT'S JUNE 30, 2022,
COMMENTS IN OPPOSITION TO SEAH'S MOTION TO INTERVENE

In its June 30, 2022, comments, Defendant has asked the Court to deny SeAH Steel Corporation's ("SeAH") motion to intervene in this proceeding.[1] According to Defendant, SeAH's request to participate as Plaintiff-Intervenor did not meet the requirements of Article III standing or Rule 24(a) of this Court to permit intervention as of right.[2] However, Defendant is mistaken and has identified an incorrect standard for intervention in this proceeding.

---

[1] *See* Defendant's June 30, 2022, Comments in Opposition to SeAH's Motion to Intervene, ECF No. 44 (hereinafter "Defendant's Comments in Opposition").

[2] *See id.* at 2-3.

A.  *SeAH Has Article III Standing to Intervene*

In order for a party to intervene in an appeal, the party must demonstrate that it has Article III standing.  To establish Article III standing for intervention, a party must demonstrate *either* "independent constitutional standing or… 'piggyback standing'" in the proceeding.[3]  Defendant claims that SeAH's motion failed to establish Article III standing, on either basis, to permit intervention in this proceeding.[4]  Defendant is incorrect.

In order to establish 'piggyback standing,' a party seeking to intervene must only seek "the same relief sought by an existing party to the case."[5]  In that regard, this Court has explained that as long as an intervenor plans to litigate the same issue raised by a party to the appeal, an intervenor will be found to seek the same relief as that party to the appeal.[6]  SeAH's motion sought intervention on the side of the Plaintiff, and explained that it

---

[3] *See, e.g.*, *N. Am. Interpipe, Inc. v. United States*, 519 F. Supp. 3d 1313, 1322 (Ct. Int'l Trade 2021).  *See also PrimeSource Bldg. Prod., Inc. v. United States*, 494 F. Supp. 3d 1307, 1320 (Ct. Int'l Trade 2021) (Judge Baker concurring) (explaining that "*Town of Chester*, as recently clarified by *Little Sisters of the Poor*, thus definitively resolved the persistent circuit split noted by the CIT in Canadian Wheat. Article III does not require a putative intervenor—whether as of right or permissive—to demonstrate independent constitutional standing, so long as it seeks the same relief as one of the parties to the case.").

[4] *See* Defendant's Comments in Opposition at 2-3.

[5] *See N. Am. Interpipe, Inc.*, 519 F. Supp. 3d at 1322.

[6] *See id*. ("{T}he Pipe Producers made clear that {t}he only relief that Proposed Defendant-Intervenors seek is for Plaintiff's {i.e., Evraz's} line pipe {exclusion} claims to be denied. As the government's since-filed answer also seeks rejection of those claims, the Pipe Producers have satisfied their Article III burden of establishing their piggyback standing") (internal quotation marks and citations omitted).  *See also PrimeSource Bldg. Prod., Inc.*, 494 F. Supp. 3d at 1320 (Judge Baker, concurring) (stating that in *Little Sisters of the Poor*, the Supreme Court explained that because both the Federal Government and the nuns asked the court to dissolve the injunction against the religious exemption, the nuns sought the same relief as the government and did not need independent constitutional standing).

intends to litigate the issue raised by Plaintiff regarding Commerce's failure to apply a constructed-value profit cap in calculating Plaintiff's margin.[7] Since SeAH plans to support Plaintiff's litigation of the constructed-value-profit-cap issue, SeAH has met the requirements for 'piggyback' standing and, therefore, has established Article III standing for intervention.

Defendant claims that SeAH must seek to recalculate Plaintiff's dumping margin and assessment rates in order to seek the same relief as Plaintiff to qualify for 'piggyback' standing.[8] However, Defendant's position is not supported by the facts of this case or applicable case law. First, Plaintiff's complaint identified several requests for relief and was not limited to recalculating its dumping margin.[9] Notably, one relief that Plaintiff requested, is for this Court to declare that Commerce's determination with respect to all the issues raised in the complaint (*i.e.*, including the constructed-value profit cap issue) is not in accordance with law.[10] Second, as mentioned, this Court has explained that for purposes of establishing 'piggyback' standing, a party simply has to defend the same issue raised by a party to the case.[11] Since SeAH intends to support Plaintiff in arguing that Commerce's failure to apply a constructed-value profit cap was improper, SeAH is plainly seeking the same relief as Plaintiff for purposes of establishing standing.

---

[7] *See* SeAH's June 9, 2022, Motion to Intervene, ECF No. 30 at 2.

[8] *See* Defendant's Comments in Opposition at 3.

[9] *See* Plaintiff's May 10, 2022, Complaint, ECF No. 8 at 8.

[10] *See id.* at 6 and 8.

[11] *See above* at notes 3 and 6.

    B.    *SeAH Qualifies for Intervention as of Right under Rule 24(a)(1)*

Next, Defendant claims that SeAH did not meet the requirements to intervene as of right under Rule 24(a) of this Court.[12] In particular, Defendant claims this Court applies a four-part test to determine whether a motion to intervene meets the requirements of Rule 24(a).[13] Defendant asserts that because SeAH's Motion to Intervene did not meet the full requirements of the four-part test, SeAH does not qualify to intervene as a matter of right in this proceeding.[14] Defendant is again mistaken.

Rule 24(a) of this Court identifies two bases for intervention as a matter of right:

> (a) Intervention of Right. On timely motion, the court must permit anyone to intervene who:
> (1) is given an unconditional right to intervene by a federal statute; or
> (2) in an action described in section 517(g) of the Tariff Act of 1930, is a person determined to have entered merchandise through evasion or is the interested party that filed the allegation; or claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest….[15]

---

[12] *See* Defendant's Comments in Opposition at 3.

[13] *See id*. (citing *N. Am. Interpipe*, 519 F. Supp. 3d at 1323) ("(1) the motion must be timely; (2) the movant must claim an interest in the property or transaction at issue that is 'legally protectable' – merely economic interests will not suffice; (3) that interest's relationship to the litigation must be 'of such a direct and immediate character that the intervenor will either gain or lose by the direct legal operation and effect of the judgment; and (4) the movant must demonstrate that said interest is not adequately addressed...") (internal quotation marks omitted).

[14] *See id*.

[15] CIT Rule 24(a).

This Court has long recognized that intervention as of right under Rule 24(a)(1) (known as statutory intervention) and Rule24(a)(2) are separate and distinct bases for intervention which are evaluated using different tests.[16]  In that regard, the Court only applies the aforementioned four-part test when a party seeks to intervene under Rule 24(a)*(2)*.[17]  Indeed, the case Defendant cited as support for the application of the four-part test explicitly identified that the four-part test was relevant to intervention under Rule 24(a)(2).[18]  Since SeAH did not seek to intervene pursuant to Rule 24(a)(2), the requirements of Rule 24(a)(2) and the four-part test are inapplicable to SeAH.

The basis for SeAH's intervention in this appeal is set forth in Rule 24(a)*(1)*, which states, in relevant part, that the court *must* permit a party that is "given an unconditional right to intervene by a federal statute" to intervene as a matter of right.  When this Court evaluates intervention under Rule 24(a)(1), the Court simply determines whether there is

---

[16] *See, e.g.*, *House of Lloyd, Inc. v. U.S.*, 659 F. Supp. 248, 250 (Ct. Int'l Trade 1987) (explaining that when statutory intervention is unavailable under Rules 24(a)(1), a party may seek intervention as of right pursuant to Rule 24(a)(2)).

[17] *Compare N. Am. Interpipe*, 519 F. Supp. 3d at 1322-23 (demonstrating that the Court applies the four-part test when intervene as of right is based on Rule 24(a)(2)) *with Ceramica Regiomontana, S.A. v. U.S.*, 590 F. Supp. 1260, 1262 (Ct. Int'l Trade 1984) (demonstrating that the Court does not apply the four-part test when intervention as of right is based on Rule 24(a)(1)).

[18] *See* Defendant's Comments in Opposition at 3 (citing *N. Am. Interpipe*, 519 F. Supp. 3d at 1323).

In *N. Am. Interpipe*, the Court explained that because Rule 24(a)(2) was based on Rule 24 of the Federal Rules of Civil Procedure, this Court applies the same four-part test used to evaluate Rule 24 of the Federal Rules of Civil Procedure when it evaluates intervention under Rule 24(a)(2).

an applicable statutory basis for intervention and whether the criteria set forth in that statute has been met.[19]  SeAH clearly fulfills the test for intervention under Rule 24(a)(1).

As explained in SeAH's motion to intervene, SeAH may intervene as of right pursuant to 28 U.S.C. § 2631(j)(1)(B),[20] which this Court has recognized as establishing an unconditional right to intervene.[21]  Under 28 U.S.C. § 2631(j)(1)(B), "an interested party who was a party to the proceeding in connection with which the matter arose may intervene…as a matter of right…" in a civil action under section 516A of the Tariff Act.[22]  Since this appeal involves judicial review of a final determination of an annual antidumping duty administrative review by the Department of Commerce pursuant to Section 516A of the Tariff Act,[23] and SeAH is an interested party that participated in the underlying administrative review,[24] SeAH has met the criteria to intervene pursuant to 28 U.S.C. § 2631(j)(1)(B).  In these circumstances, SeAH may intervene as of right in this appeal under Rule 24(a)(1) of this Court.[25]

---

[19] *See, e.g.*, *Ceramica Regiomontana,* 590 F. Supp. at 1262.

[20] *See* SeAH's Motion to Intervene at 1-2.

[21] *See, e.g.*, *Qingdao Taifa Grp. Co. v. United States*, 32 C.I.T. 1081, 1085 (2008).

[22] 28 U.S.C. § 2631(j)(1)(B).

[23] *See, e.g.*, Plaintiff's Complaint at 1.

[24] *See* Defendant's Comments in Opposition at 2 and 4 (admitting that SeAH participated as a mandatory respondent during the underlying review).  *See also* SeAH's Motion to Intervene at 1 (explaining that SeAH "is a foreign producer of oil country tubular goods subject to the Department's review, and participated as an interested party in the administrative review within the meaning of 19 U.S.C. § 1677(9)(A).").

[25] It should be noted that there is no dispute that SeAH's motion for intervention was timely filed.  *See* Defendant's Comments in Opposition at 4 (agreeing that SeAH's motion for intervention was timely).  *See also* SeAH's Motion to Intervene at 2 ("The Complaint of Plaintiff Hyundai Steel Company was filed on May 10, 2022, and was served by mail on

*(footnote continued on following page)*

Defendant's opposition to SeAH's intervention has no support in the law, the Court's rules, or the Court's previous decisions.  Accordingly, we respectfully request that the Court disregard Defendant's comments and grant the motion for SeAH Steel Corporation to intervene as of right as Plaintiff-Intervenor in this proceeding.

                Respectfully submitted,

                /s/Jeffrey M. Winton

                Jeffrey M. Winton
                Amrietha Nellan
                Ruby Rodriguez

                WINTON & CHAPMAN PLLC
                1900 L Street, N.W., Suite 611
                Washington, D.C. 20036
                (202) 774-5503

                Attorneys for SeAH Steel Corporation

July 6, 2022

---

counsel for SeAH Steel Corporation. Therefore, this application is timely pursuant to Rules 24(a) (which normally requires that motions to intervene be filed within 30 days of service of the Complaint), and Rule 6(d) (which provides that 5 additional days are added to deadlines when service of the document that triggers the deadline was made by mail.").